IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICHAEL REED DORROUGH** ) | 1:07-cv-0397-AWI WMW HC |
| ) | |
| Petitioner, ) | ORDER REQUIRING |
| ) | PETITIONER TO NAME |
| vs. ) | PROPER RESPONDENT |
| ) | |
| ) | |
| ON HABEAS CORPUS, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| ) | |
| _____ ) | |

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see, also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). However, the chief officer in

1  charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at
2  360. Where a petitioner is on probation or parole, the proper respondent is his probation or
3  parole officer and the official in charge of the parole or probation agency or state correctional
4  agency. Id.

5  In this case, petitioner names the "On Habeas Corpus" as Respondent. Petitioner's
6  failure to name a proper respondent requires dismissal of his habeas petition for lack of
7  jurisdiction. Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326, 1326
8  (9th Cir. 1970); see, also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd
9  Cir. 1976). However, in this case, the Court will give petitioner the opportunity to cure his
10 defect by amending the petition to name a proper respondent. See, West v. Louisiana, 478
11 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th
12 Cir.1975) (en banc) (allowing petitioner to amend petition to name proper respondent);
13 Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (same).

14 Accordingly, Petitioner is hereby granted THIRTY (30) days from the date of service
15 of this order to file a motion to correct the respondent in this case. Petitioner's failure to do
16 so will result in recommendations that this case be dismissed.

19 IT IS SO ORDERED.

20 **Dated:    April 4, 2007**                    **/s/  William M. Wunderlich**
   mmkd34                                         UNITED STATES MAGISTRATE JUDGE