IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICHAEL REED DORROUGH** ) | 1:07-cv-0397-AWI WMW HC |
| ) | |
| Petitioner, ) | MEMORANDUM OPINION AND |
| ) | ORDER RE RESPONDENT'S |
| vs. ) | MOTION TO DISMISS PETITION |
| ) | FOR WRIT OF HABEAS CORPUS |
| **W. J. SULLIVAN,** ) | |
| ) | [Doc. 11] |
| Respondent. ) | |
| ) | |
| _____ ) | |

   Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is Respondent's motion to dismiss the petition for failure to state a federal claim. Petitioner opposes the motion.

   Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the Petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the Attorney General, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See,

e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982).  Based on the Rules Governing Section 2254 Cases and case law, the court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

       This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge "the very fact or duration of his confinement," and where "the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973).  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. In this case, Petitioner challenges the adequacy of his yard time and his inability to possess a television or a radio/television combination unit.  These issues clearly address the conditions of Petitioner's confinement, and do not address the fact or duration of his confinement. Accordingly, the proper vehicle for Petitioner to pursue his claims is through a civil rights action pursuant to 42 U.S.C. § 1983. .

       Based on the above, IT IS HEREBY ORDERED as follows:

1)     Respondent's motion to dismiss is GRANTED;

2)     The petition for writ of habeas corpus is DISMISSED without prejudice to Petitioner's right to file an appropriate civil rights action; and

2)     The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

IT IS SO ORDERED.

**Dated:   March 7, 2008**                            **/s/ Anthony W. Ishii**
                                                                   UNITED STATES DISTRICT JUDGE